IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALONZO HEAD, # 131097, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv1074-TMH |
| ) | (WO) |
| WARDEN GORDON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

Alonzo Head ("Head"), a state inmate, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He seeks relief from his 2007 conviction for third-degree burglary in violation of § 13A-7-7(a), Ala. Code 1975, following a jury trial in the Circuit Court of Houston County, Alabama.  On November 8, 2007, the trial court sentenced Head to 20 years in prison pursuant to the Alabama Habitual Felony Offender Act.

Head filed a direct appeal, arguing that the State did not present sufficient evidence to support his conviction for third-degree burglary and, specifically, did not present eyewitness testimony placing him at the crime scene. Exh. C.[1] The Alabama Court of Criminal Appeals affirmed Head's conviction and sentence in a memorandum opinion issued

---

[1] Unless otherwise noted, all references to exhibits are to exhibits included with the respondents' answer (Doc. No. 20).

on May 16, 2008. Exh. B. That court overruled Head's application for rehearing on June 6, 2008. Exhs. D & E. Head sought certiorari review with the Alabama Supreme Court, which denied his petition for writ of certiorari on October 24, 2008. Exhs. F, G & H.

On or about April 6, 2009, Head filed this 28 U.S.C. § 2254 petition.[2] Doc. No. 1. In his federal petition, Head reasserts the claim he presented on direct appeal – i.e., that the State did not present sufficient evidence to support his conviction for third-degree burglary and, specifically, did not present eyewitness testimony placing him at the crime scene. Doc. No. 1 at 7.

In their answer to Head's petition, the respondents argue that his claim regarding the alleged insufficiency of the evidence does not assert a constitutional violation and, therefore, his petition is facially insufficient. Doc. No. 20 at 3. Alternatively, the respondents contend that Head's claim was properly adjudicated on the merits by the state courts and thus does not entitle him to federal habeas corpus relief. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). Doc. No. 20 at 3-5.

After consideration of Head's § 2254 petition, the submissions of the parties, and the record in this case, the court concludes that an evidentiary hearing is not required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and that the petition should be denied.

---

[2]Head originally filed his habeas petition in the United States District Court for the Southern District of Alabama, which later directed that the case be transferred to this court. Doc. Nos. 21 & 22.

## II. DISCUSSION

### A. Standard of Review

To prevail on a § 2254 claim adjudicated on the merits by the state courts, Head must show that a decision by the Alabama courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13; 28 U.S.C. § 2254(d)(1) & (2). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir.

3

2001). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)." *Id*. at 636.

**B.    Sufficiency of the Evidence Claim**

Head contends, in conclusory fashion, that the State did not present sufficient evidence to support his conviction for third-degree burglary and, specifically, did not present eyewitness testimony placing him at the crime scene. Doc. No. 1 at 7.

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the

4

crime." *In re Winship,* 397 U.S. 358, 364 (1970). Habeas relief on the merits of a claim of legally insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ... [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson,* 443 U.S. at 318-19. To be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir. 1984).

Sufficiency claims are judged by the elements of the offense defined by state law. *Jackson,* 443 U.S. at 324 n.16. Third-degree burglary under § 13A-7-7(a), Ala. Code 1975, provides:

> A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.

Head presented his sufficiency of the evidence claim in the state court on direct appeal.[3] The Alabama Court of Criminal Appeals addressed Head's claim, in pertinent part,

---

[3] Because the Due Process Clause prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt, this court will presume that Head's sufficiency of the evidence claim – conclusory though it may be – alleges a constitutional violation sufficient for federal habeas corpus review.

5

as follows:

> "In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. *Cumbo v. State*, 368 So. 2d 871 (Ala. Cr. App. 1978), cert. denied, 368 So. 2d 877 (Ala. 1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state's evidence establishes a prima facie case. *Gunn v. State*, 387 So. 2d 280 (Ala. Cr. App.), cert. denied, 387 So. 2d 283 (Ala. 1980). The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. *Thomas v. State*, 363 So. 2d 1020 (Ala. Cr. App. 1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. *Willis v. State*, 447 So. 2d 19 (Ala. Cr. App. 1983); *Thomas v. State*. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error. *Young v. State*, 283 Ala. 676, 220 So. 2d 843 (1969); *Willis v. State*."

*Breckenridge v State*, 628 So 2d 1012, 1018 (Ala. Crim. App. 1993).

> "'In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.' *Faircloth v. State*, 471 So. 2d 485, 489 (Ala. Cr. App. 1984), affirmed, *Ex parte Faircloth*, [471] So. 2d 493 (Ala. 1985).
>
>> "'...
>>
>>> "'"The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the

> evidence is legally sufficient to allow submission of an issue for decision to the jury." *Ex parte Bankston*, 358 So. 2d 1040, 1042 (Ala. 1978). An appellate court may interfere with the jury's verdict only where it reaches "a clear conclusion that the finding and judgment are wrong." *Kelly v. State*, 273 Ala. 240, 244, 139 So. 2d 326 (1962). ... A verdict on conflicting evidence is conclusive on appeal. *Roberson v. State*, 162 Ala. 30, 50 So. 345 (1909). "[W]here there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense." *Fuller v. State*, 269 Ala. 312, 333, 113 So. 2d 153 (1959), cert. denied, *Fuller v. Alabama*, 361 U.S. 936, 80 S. Ct. 380, 4 L. Ed. 2d 358 (1960).' *Granger* [*v. State*], 473 So. 2d [1137,] 1139 [(Ala. Crim. App. 1985)].
>
> "... 'Circumstantial evidence alone is enough to support a guilty verdict of the most heinous crime, provided the jury believes beyond a reasonable doubt that the accused is guilty.' *White v. State*, 294 Ala 265, 272, 314 So 2d 857, cert denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). 'Circumstantial evidence is in nowise considered inferior evidence and is entitled to the same weight as direct, evidence provided it points to the guilt of the accused.' *Cochran v. State*, 500 So. 2d 1161, 1177 (Ala. Cr. App. 1984), affirmed in pertinent part, reversed in part on other grounds, *Ex parte Cochran*, 500 So. 2d 1179 (Ala. 1985)."

*White v. State*, 546 So. 2d 1014, 1017 (Ala. Crim. App. 1989). Also,

> "'[c]ircumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence, if it, along with the other evidence, is susceptible of a reasonable inference pointing unequivocally to the defendant's guilt. *Ward v. State*, 557 So. 2d 848 (Ala. Cr. App.

> 1990). In reviewing a conviction based in whole or in part on circumstantial evidence, the test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. *Cumbo v. State*, 368 So. 2d 871 (Ala. Cr. App. 1978), cert. denied, 368 So. 2d 877 (Ala. 1979).'
>
> "*Ward*, 610 So. 2d at 1191-92."

*Lockhart v. State*, 715 So. 2d 895, 899 (Ala. Crim. App. 1997).

John Stevens testified that, on July 24, 2004, he was on a business trip to Kentucky and his wife and son were on a trip to Callaway Gardens; that, when his wife returned home the next morning, she notified him that their home had been burglarized; that cash, jewelry, a laptop computer, Play Stations, Play Station games, and foreign coins had been stolen from his home; that the value of the stolen items was approximately $35,000; that the door had been damaged and drawers had been pulled out; and that some of the missing items were recovered and returned to him, but some of the missing items were never recovered.

Sergeant Jon Beeson of the Dothan Police Department testified that he investigated the burglary of the Stevens' residence; that he did not find any identifiable fingerprints at the scene, but he was able to enter the serial number from the missing laptop into a national crime computer; and that a pry bar had been used to gain access through the front door, which caused extensive damage to the door, the door frame, and a front window. He also testified that, the next day, they received information that the Tallahassee Police Department had recovered

> "a Camo Lockblade, a hunting knife, a 20-inch silver herringbone chain, a yellow gold charm bracelet with three charms, a gold link bracelet, a gold link necklace, a gold rope necklace, an amethyst – I can't quite say that – bracelet, a topaz bracelet, an emerald and diamond bracelet, a gold bangle bracelet, a gold chain with a cross, a yellow gold bangle

8

> bracelet, a pair of yellow gold earrings. There was a black stone and diamond bracelet, a yellow gold bangle bracelet, another yellow gold bangle bracelet, assorted U.S. coins, some foreign currency and a Gateway laptop."

(R. 43.) They also recovered the following items from Marianela Gonzalez, who was later charged with receiving stolen property:

> "[A] Sony Play Station II player, an 8-megabyte memory card, a controller, and there were four games – I'm sorry – five games, a yellow gold eight-inch bracelet, a quarter-inch wide, a yellow gold bracelet with four charms, a yellow gold seven-and-a-half-inch bracelet, three-quarter inch wide, a white gold seven-and-a-half-inch bracelet, one inch wide, a yellow gold seven-and-a-half-inch bracelet, three-quarter-inch rope, a yellow gold – I'm sorry – white gold chain with diamond, a yellow gold chain with a blue stone, a yellow gold chain with five yellow gold beads, a yellow gold flat chain, and a Ventura AM/FM CD player."

(R. 45.)

Investigator Michael Goldwich of the Tallahassee Police Department testified that on Monday, July 26, 2004, he received a telephone call from a pawn shop owner who was suspicious about some people who were trying to sell a laptop computer; that he contacted several other pawn shops and alerted them about the people who were trying to sell the laptop; that someone from the Cash America Pawn Shop contacted him about two black males and one white female who fit the previous description and were attempting to pawn a laptop; and that officers were dispatched to that location. He also testified that, when he arrived at the Cash America Pawn Shop, he saw a brown Ford Taurus with an out-of-state tag and four people, including the appellant, in custody; that the serial number on the laptop inside the pawn shop was registered to the victims; and that several pieces of jewelry and money were also recovered from the pawn shop, from the vehicle, and from the occupants of the vehicle, including the appellant. Goldwich further testified that the appellant made a statement in which he alleged that Douglas Gray had asked him to take him to Tallahassee; admitted that he had pawned some items for Gray; stated that he did not know the items were stolen; and admitted that he ran from the officers.

9

  Marianela Gonzalez testified that she had previously dated the appellant; that, as it was getting dark on July 24, 2004, the appellant borrowed her 1998 brown Ford Taurus to go to the store; that the appellant left with Gray and returned a few hours later; that, after the appellant returned, he gave her daughter a Play Station and told her it was a gift; that, when she looked in her vehicle later, she found jewelry, a laptop, and some boxes; and that the appellant gave her some of the jewelry. She also testified that she and the appellant traveled with Gray and Virginia Robinson to Tallahassee, Florida, two days later; that the appellant and Gray sold some of the jewelry at a pawn shop; that she knew the jewelry was stolen; and that the appellant tried to sell the laptop, but was not successful.

  The appellant testified that, on July 24, 2004, he and Gray said they were going to buy beer; that, when they went outside, someone named Bivins told them he had some things he wanted to sell; that Gonzalez lied about him borrowing her vehicle and being gone for two hours; that he was actually outside on the porch the entire time; that his cousin bought jewelry, a Play Station, and a laptop from Bivins; that they later took some of the items to a pawn shop in Tallahassee; and that the only mistake he made was using his ID at the pawn shop and pawning the stolen items in his name. He also testified that he does not know the victims; that he did not go into their home; and that he made a false statement to the officers in Tallahassee because he was an ex-felon and owed money in Florida.

  The State presented evidence that the Gonzalez's vehicle was gone for several hours on the evening the burglary of the Stevens' home occurred; that he had possession of the Stevens' Play Station, jewelry, and laptop computer when he returned; that he later took some of the items that had been stolen from the Stevens' residence to pawnshops in Tallahassee, Florida; and that he ran from law enforcement officers in Tallahassee. Based on that evidence, the jury could have reasonably concluded that the appellant was guilty of the third-degree burglary of the Stevens' home. Also "[t]he weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and inferences to be drawn from the evidence are for the jury." *Smith v. State*, 698 So. 2d 189, 214 (Ala. Crim. App. 1996), aff'd, 698 So. 2d 219 (Ala. 1997). Therefore, the appellant's argument is without merit, and we affirm the trial court's judgment.

Exh. B at 2-7.

The state court rejected Head's challenge to the sufficiency of the evidence to sustain his conviction for third-degree burglary. This court must therefore deny habeas relief unless one of the two exceptions found in 28 U.S.C. § 2254(d) applies. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001). Having independently reviewed the record, the arguments presented by the parties, the applicable statutes, and the controlling case law, the undersigned finds that Head has not met his burden in this regard. That is, the Alabama Court of Criminal Appeals did not decide Head's challenge to the sufficiency of the evidence "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law. *Williams*, 529 U.S. at 413. Consequently, the state appellate court's rejection of the sufficiency claim was not contrary to actual Supreme Court decisions.

Further, a thorough review of the evidentiary materials submitted in this case establishes that the state court's rejection of Head's argument was objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of third-degree burglary beyond a reasonable doubt.[4] *See Jackson*, 443 U.S. at 318-19. Irrespective of the fact that no one

---

[4]In his petition, Head also cursorily asserts that he is innocent of third-degree burglary and is instead guilty only of receiving stolen property. Doc. No. 1 at 7. However, it is apparent that this claim is merely an extension of his sufficiency of the evidence claim and is premised on his contention that the State did not present direct evidence placing him at the crime scene. As the state courts found, there was sufficient circumstantial evidence for the jury reasonably to conclude that Head was guilty of the burglary.

saw Head enter the residence at issue, the jury could properly infer from the evidence that was presented that he did so. Head essentially asks this court to reweigh the evidence and to ignore the rational inferences that could be drawn from the circumstantial evidence presented at his trial. That would not be a proper application of the *Jackson* standard. *See* 443 U.S. at 318-19. Head is therefore not entitled to relief under the governing federal habeas corpus standard of review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Head be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **December 13, 2011,** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of November, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE